IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Cr. No. 09-2968 RB |
| ARCHULETA, NATHAN, | § | Civ. No. 15-298 RB/LAM |
| | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT/ MOVANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**COMES NOW** Defendant/Movant Nathan Archuleta, by and though Jared Abrams, Attorney at Law, and respectfully submits his proposed findings of fact and conclusions of law.

**I. PROPOSED FINDINGS OF FACT**

1. The government made a plea offer of 15 years incarceration to Mr. Archuleta.

2. The offer referenced in paragraph one was communicated to Mr. Archuleta by prior counsel Mario Carreon.

3. Mr. Archuleta informed Mr. Carreon that he would accept the offer referenced in paragraph one.

4. Mr. Carreon failed to communicate Mr. Archuleta's acceptance of the government's offer to the government.

5. The government withdrew the offer without Mr. Carreon ever communicating to the government that Mr. Archuleta would accept the offer.

**II. PROPSED CONCLUSIONS OF LAW**

1. A convicted defendant's claim that assistance of counsel was so defective as to require reversal of his conviction has two elements. First, defendant must show that his counsel's

performance was deficient. This requires errors so serious that counsel was not functioning as counsel. Second, defendant must show that the deficient performance prejudiced him. Prejudice requires deprivation of a fair trial. *Strickland v Washington*, 466 U.S. 668, 687 (1984).

2. In the context of ineffective assistance of counsel in plea negotiations, defendant need only show that but for the ineffective advice of counsel, there is a reasonable probability that the plea would have been presented to the court. That is, that defendant would have accepted the plea, that the prosecution would not have withdrawn it, that the court would have accepted it and that its terms were less severe than those actually imposed. *Lafler v Cooper*, 132 S. Ct. 1376, 1385 (2012).

3. Defense counsel has a duty to communicate formal plea offers to his client. *Missouri v Frye*, 132 S. Ct. 1399, 1408 (2012).

4. Defense counsel's failure to communicate an informal plea offer to his client could be the basis of an ineffective assistance claim. *United States v Archuleta*, 2016 U.S. Dist. LEXIS 108516 at pp. 19-20.

5. Where a defendant's sentence is subject to collateral attack, the court may vacate or correct the sentence. 28 U.S.C § 2255(a). The court may then resentence defendant. 28 U.S.C. § 2255(b).

        Respectfully Submitted,

        **ALMANZA ABRAMS, P.A.**

        ____*/s/ Jared Abrams*____
        Jared Abrams, Esq.
        955 East Boutz Rd.
        Las Cruces, New Mexico 88001
        (575) 524-8312
        (575) 526-6449 fax

        *Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 14th day of October, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

David N. Williams
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87102

             ___*/s/ Jared Abrams*_____
             Jared Abrams, Esq.
             .